IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

TRAQUAN  DAION JOHNSON           :

    Petitioner                                  :

      v.                                   :             Civil Action No. WDQ-08-3329
                                                             Rel. Crim Action No. WDQ-04-376

UNITED STATES OF AMERICA           :

    Respondent

o0o
## **MEMORANDUM**

Before the court is a petition for writ of error coram nobis filed pro se by Traquan Daion Johnson,[1] an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia, seeking to vacate his 2005 judgment and secure his immediate release.  The Court will dismiss the petition without prejudice.

### BACKGROUND

On March 4, 2005, after Johnson entered a guilty plea to bank robbery and use of a firearm,  the Court sentenced him to a total term of 125 months incarceration and five years supervised release. *See United States v. Johnson*, criminal action WDQ-04-376(D. Md).  Johnson filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, which was denied on July 7, 2006.

### ANALYSIS

Coram nobis is an "extraordinary remedy" used "only under circumstances compelling such action to achieve justice." *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir.1988).  A

---

[1] Johnson's name on Court and Bureau of Prisons records is shown as Traquan Daion Johnson, although he identifies himself as Daion Traquan Johnson on his petition for coram nobis relief.

writ of error coram nobis is available to vacate a federal conviction after a sentence has been served and defendant is no longer in custody.  *See United States v. Morgan*, 346 U.S. 502 (1954).  Where, as here, a petitioner remains in federal custody, coram nobis is unavailable and relief must be sought by way of a 28 U.S.C. § 2255 Motion to Vacate, Set aside or Correct Sentence.

The instant petition, construed under §2255, represents Johnson's second § 2255 motion and may be considered by the district court only if it is first certified by the court of appeals.  *See* 28 U.S.C. §§2244(b)(3)(A)& 2255.  Where a petitioner has failed to comply with the procedural requirements for a second or successive petition, the petition must be dismissed for lack of jurisdiction.  *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

## CONCLUSION

The Court deems the petition properly construed pursuant to 28 U.S.C. § 2255.  The court shall dismiss the petition without prejudice for lack of jurisdiction by separate order.

February 27, 2009                              /s/
Date                                           William D. Quarles, Jr.
                                               United States District Judge

2